UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MARY ANNE EMERIC and NATALIA
MARIE RIVERA, on behalf of themselves
and all others similarly situated

      Plaintiffs,

v.

FLORIDA FINE CARS, INC., a Florida
profit corporation,

      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs Mary Anne Emeric ("Emeric") and Natalia Marie Rivera ("Rivera") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, and in the public interest, by and through undersigned counsel, hereby bring this class action Complaint against Defendant Florida Fine Cars, Inc. ("FFC" or "Defendant"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and the Florida Fair Credit Reporting Act, § 501.005(16), Fla. Stat., and as grounds state as follows:

## INTRODUCTION

1. Plaintiffs bring this consumer class action on behalf of themselves and all other persons who, from April 11, 2015 up to and including the present (the "Class Period"), visited FFC's website and without any permissible purpose or authorization had a hard credit reported pulled by Florida Fine Cars, LLC, instead of a soft credit inquiry as stated on FFC's website financing page.

2. Plaintiffs bring this action because of FFC's willful accessing of sensitive personal information of consumers in violation of the FCRA and FL FCRA.

3. FFC, on its website, offers to potential customers that it will make a "soft" inquiry of a potential consumer's credit file for purposes of prequalifying for a vehicle loan.  *See* Screenshot of FFC Website Financing Page attached hereto as "Exhibit 1."

4. Prior to entering into any subsequent contracts or agreements with consumers, FFC, routinely and regularly willfully obtains the credit reports of consumers through "hard" credit inquiries, without any permissible purpose or authorization.  Further, FFC willfully and knowingly obtains consumer reports from credit reporting agencies under false pretenses and knowingly without a permissible purpose by representing to consumers that FFC will only obtain consumer reports through a "soft" credit inquiry, but instead FFC pulls a "hard" credit report when it obtains these consumer reports.

5. Accordingly, Plaintiffs, individually, and on behalf of all others similarly situated, seeks to obtain redress for a nationwide and Florida classes of consumers.

## PARTIES, JURISDICTION & VENUE

6. During the Class Period, Plaintiffs Emeric and Rivera resided in and continue to reside in Miami-Dade County, Florida, and they are members of the Putative Classes defined below and are consumers as that term is defined by 15 U.S.C. § 1681a(c).

7. This is an action for FCRA and FL FCRA violations, and damages, and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees, and is within the subject matter jurisdiction of this Court.

8. Defendant FFC is a Florida for profit corporation with its principal place of business located at 21151 NW 2nd Avenue, Miami, Florida 33169 in Miami-Dade County, Florida. Florida Fine Cars, Inc., is a "person" as defined by 15 U.S.C. § 1681a(b).

9. FFC is a used car dealership that claims to have positioned itself as a premier used car dealership in the South Florida market that provides quality used cars at affordable prices, while treating its customers to its very best experience that has been the key to its growth and that it understands that quality in products and customer service are the keys to good business. *See* https://www.floridafinecars.com/about.

10. The Court has federal jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

11. This Court has supplemental jurisdiction over Plaintiffs' FL FCRA claims pursuant to 28 U.S.C. §1367.

12. This court has jurisdiction over FFC because it is authorized to do business in the State of Florida and is regularly and systematically engaging in business in Miami-Dade County. By conducting business in Miami-Dade County, FFC has sufficient minimum contacts with the State of Florida, and Miami-Dade County in particular, or otherwise intentionally availed itself of the Miami-Dade County consumer market through the systematic sale of its vehicles to Florida citizens in satisfaction of Fla. Stat. § 48.193 *et seq*. This purposeful availment renders the exercise of jurisdiction by this Court over FFC permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in the Southern District of Florida because FFC regularly and systematically transacts business and may be found in Miami-Dade County. Venue is also proper here because at all times relevant to this action, a substantial part of the events or omissions giving

rise to the claim occurred within this District in addition to other areas of Florida, 28 U.S.C. § 1391(b).

14. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant aided and abetted the acts and omissions alleged herein.

## FACTUAL ALLEGATIONS

15. FFC operates a used vehicle business and sells its cars to the general public throughout Miami-Dade, Broward, and Palm Beach counties, and indeed throughout Florida.

16. In April 2017, prior to Plaintiffs purchasing a motor vehicle from FFC, Plaintiffs visited FFC's website, found a car that they wanted to purchase, then called FFC to confirm that the car was on the lot.

17. During their phone call, the FFC representative told them to each fill out the online form found at FFC's website's "Financing" link.

18. Plaintiffs filled out the "required" fields with their personal and residential information and check-marked the box agreeing to FFC performing a "soft" credit inquiry for prequalification.

19. The FFC financing website page states, "you can use our secure quick pre-approval form to qualify for one of out finance programs. **The best part is there is no Social required so there is no effect on your credit score**."

20. Plaintiffs were notified via the FFC website that only a soft inquiry was performed but instead Plaintiffs received information that FFC pulled a "hard" credit report and the consumer report notified Plaintiffs that the FFC inquiry could stay on Plaintiffs' consumer report until May 2019.

21. The distinction between a "soft" and "hard" credit inquiry is substantial. Specifically, a "hard" inquiry reduces a consumer's credit score, remains on credit reports for two years, and contains substantially more information (that is confidential and personal) than a "soft" inquiry. Further a "soft" inquiry does not appear on a credit report to any inquiring party[1], and does not lower an individual's credit score. See 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(c).

22. FFC, through its trusted website, represented that FFC would only obtain Plaintiff's credit report through a "soft" inquiry with no mention of a "hard" inquiry.

23. The website also states, "By clicking the I Agree checkbox and Submit, I consent to have my credit file accessed for purposes of prequalifying for a vehicle loan. **This is a soft inquiry and will not impact my credit score.**" By following the instructions as stated, the Plaintiffs and Class members agreed to a "soft" inquiry only.

24. At the time that Plaintiffs filled out the website form, clicked the I Agree checkbox, and submitted the online form, Plaintiffs did not initiate a vehicle purchase business transaction, and FFC had no permissible purpose to obtain Plaintiff's "hard" credit report. Accordingly, the consumer Plaintiffs did not provide written instructions to FFC to pull a "hard" credit report as is required prior to FFC pulling a consumer report, pursuant to 15 U.S.C. § 1681b(a)(2) of the FCRA that Florida law mirrors.

25. Plaintiffs never gave written instructions or permission, never signed any agreement, and never agreed to any services from FFC since they were simply inquiring about financing and a representative from FFC instructed Plaintiffs to fill out the online website financing form for prequalification. Plaintiffs only subsequently learned that FFC, without written

---

[1] A "soft" inquiry is only visible to the individual whom the credit report relates. As such, no inquiring party is able to view the "soft" inquiries, especially the number of soft inquiries that has occurred.

authorization to do so, had obtained their credit report through a "hard" credit inquiry when they received an automated email from FFC and when they viewed their consumer reports.

26. It is well established that merely inquiring about the possibility of a future transaction, or shopping for rates, is insufficient to satisfy the requirement of the FCRA to initiate the kind of full credit inquiry that is allowed when a consumer has initiated a transaction.

27. Many years ago, the Federal Trade Commission opined that a customer who "'comes to an automobile dealership and requests information' from a salesman about one or more automobiles" had not initiated a transaction sufficient to allow the dealership to pull a credit report. FTC Letter to Coffey (Feb. 11, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98, and attached hereto as Exhibit "2".

28. Against the offer on its website, FFC has routinely and systematically obtained credit reports on prospective customers and class members with no permissible purpose or written consent, and does so under false pretenses, resulting in "hard" credit inquiries.

29. FFC continuously obtains full consumer reports from Class members under false pretenses by misrepresenting that FFC will be accessing a "soft" inquiry of their consumer report and not perform a "hard" credit inquiry.  FFC then uniformly proceeds with conducting a "hard" inquiry, which is recorded on FFC's customers' consumer reports, resulting in a disclosure of unauthorized private information as well as a reduction in credit score.

30. At all times relevant hereto, FFC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of FFC when they were pulling the hard credit reports prior to any consumer consent or authorization and prior to any business transaction.

31. At all times pertinent hereto, the conduct of FFC, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs and Class members.

32. As a result of FFC's conduct, Plaintiffs and members of the Putative Classes have suffered concrete injuries. In addition to having their privacy invaded, informational injuries, reductions in credit scores (inquiries for which remain on credit reports for two years), Plaintiffs and members of the Putative Classes have had their personal identifying information unnecessarily disseminated to FFC, and, upon information and belief to its related information-sharing affiliates. FFC has subjected consumer Class members to increased risk of identity theft and/or a data breach, to an adverse effect in their ability to qualify for a mortgage or other loan or to rent an apartment, and to an adverse effect in their search for employment resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify rendering the recovery of class statutory damages ideal and appropriate.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this case as a class action. Plaintiffs seek certification of the following Classes:

34. Plaintiffs and on behalf of the "FCRA Impermissible Purpose Class" seek certification of the following Class as defined as follows:

> **FCRA Impermissible Purpose Class.** All persons within the United States who had a hard credit inquiry performed on his or her credit by Defendant FFC, who had not authorized a hard inquiry, thereby obtaining a persons' credit report without any permissible purpose, within the four years prior to the filing of the Complaint until the date of final judgment in this action.

35. Plaintiffs and on behalf of the "FCRA False Pretense Class" also seek certification of the following Class as defined as follows:

7

> **FCRA False Pretense Class.** All persons within the United States who had a hard credit inquiry performed on his or her credit by Defendant FFC, who had not previously authorized a hard inquiry, and without permissible purpose, whose credit reports were obtained under false pretenses, within the four years prior to the filing of the Complaint until the date of final judgment in this action.

36. Plaintiffs and on behalf of the "FL Impermissible Purpose Class" further seek certification of the following Class as defined as follows:

> **FL FCRA Impermissible Purpose Class.** All persons within Florida who had a hard credit inquiry performed on his or her credit by Defendant FFC, who had not authorized a hard inquiry, thereby obtaining a persons' credit report without any permissible purpose, within the four years prior to the filing of the Complaint until the date of final judgment in this action.

37. Lastly, Plaintiffs an on behalf of the "FL FCRA False Pretense Class" seek certification of the following Class as defined as follows:

> **FL FCRA False Pretense Class.** All persons within Florida who had a hard credit inquiry performed on his or her credit by Defendant FFC who had not previously authorized a hard inquiry, and without permissible purpose, whose credit reports were obtained under false pretenses, within the four years prior to the filing of the Complaint until the date of final judgment in this action.

38. **Numerosity**. The members of the Putative Classes are so numerous that the individual joinder of all its members is impracticable. While the exact number and identities of other Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe that there are hundreds or thousands of Class members. Plaintiffs believe that the Putative Classes include thousands of members, which can be ascertained by the records maintained by FFC. These class members are readily ascertainable and may be identified from Defendant's business records.

39.     **Commonality**.  Common questions of law and fact arise from Defendant's conduct described herein.  Such questions are common to all Putative Classes and predominate over any questions affecting only individual Class members and include:

- Whether FFC obtained hard consumer reports without a permissible purpose and without written authorization;

- Whether FFC obtained hard consumer reports without a permissible purpose and without written authorization, and under false pretenses by representing to the consumer that credit reports would be obtained through "soft" inquiries, when in fact credit reports were obtained through "hard" inquiries;

- Whether FFC's actions violated the FCRA and FL FCRA by obtaining hard consumer reports through false pretenses by representing to the consumer that they were obtaining credit reports through "soft" inquiries, when credit reports were obtained through "hard" inquiries;

- The proper measure of statutory and punitive damages; and

- The proper form of injunctive and declaratory relief.

40.     **Typicality.**  Plaintiffs and members of the Putative Classes were harmed by the acts of FFC in at least the following ways:  FFC routinely accesses consumer credit reports of prospective customers and with no permissible purpose.  Moreover, FFC routinely represents that it will only obtain credit reports through "soft" inquiries, but instead obtained the credit reports of Plaintiffs and the Putative Class members through "hard" inquiries.  The FCRA and FL FCRA violations suffered by Plaintiffs are typical of those suffered by other members of the Putative Classes, and FFC treated Plaintiffs consistent with other members of the Putative Classes.

41.     **Adequacy**.  Plaintiffs will fairly and adequately represent and pursue the interests of the Putative Classes.  Since Plaintiffs are persons whose credit reports were obtained by FFC without any permissible purpose and under false pretenses, Plaintiffs' interests are united with, and are not opposed to the interests of the member of the Putative Classes.  Plaintiffs' counsel have vast experience in litigating consumer class action cases.  Plaintiffs understand the nature of the

claims herein, have no disqualifying conditions, and will vigorously represent the interests of the Class.

### Requirements under Fed. R. Civ. P. 23(b)(1) & (2)

42. Prosecuting separate actions by or against individual Class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the Class.

43. Defendant has acted or failed to act in a manner generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44. Defendant's wrongful conduct and practices, if not enjoined, will subject Class members and other members of the public to substantial continuing harm and will cause irreparable injuries to Class members and members of the public who were and are damaged by Defendant's conduct.

### Requirements under Fed. R. Civ. P. 23(b)(3)

45. **Common Questions of Law and Fact Predominate:** The questions of law or fact common to Plaintiff and to the Putative Classes' claims predominate over any questions of law or fact affecting only individual members of the Putative Classes

46. **Superiority**. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    (a) Joinder of all class members would create extreme hardship and inconvenience for the affected customers as they reside all across the states;

    (b) Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions;

  (c) There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

  (d) The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

  (e) Individual suits would not be cost effective or economically maintainable as individual actions; and

  (f) The action is manageable as a class action.

47. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of these class actions that would preclude their maintenance as class actions.

## COUNT ONE

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681 *et seq*.

### (Asserted on behalf of Plaintiffs and the FCRA False Pretense Class and FCRA Impermissible Purpose Class)

48. Plaintiffs re-allege and incorporate paragraphs 1 through 47 above as if fully set forth herein and further alleges as follows.

49. Plaintiffs are "consumers" as defined by the FCRA.

50. FCC is a "person" as defined by the FCRA.

51. FFC's conduct violates both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report under false pretenses by intentionally misleading Plaintiffs, or knowingly without a permissible purpose and without authorization from Plaintiffs, or permissible purpose.

52. The foregoing violations were willful. FFC knew that it was not authorized to request Plaintiffs' credit reports, and FFC acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Class members under 15 U.S.C. § 1681b.

53. Plaintiffs and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every violation, pursuant to 15 U.S.C. § 1681m(a)(1)(A).

54.     Plaintiffs and the Classes are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

55.     Plaintiffs and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully demand a judgment enjoining FFC's conduct, awarding costs of this proceeding and attorney's fees, as provided by 15 U.S.C. § 1681 *et seq.*, and such other relief as this Court deems just and proper.

## COUNT TWO

**Violation of the Florida Fair Credit Reporting Act –§ 501.005(16), Fla. Stat.**

**(Asserted on behalf of Plaintiffs and the FL FCRA False Pretense Class and FL FCRA Impermissible Purpose Class)**

56.     Plaintiffs re-allege and incorporate paragraphs 1 through 47 above as if fully set forth herein, and further alleges as follows.

57.     FFC's conduct violated the FL FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose by obtaining Plaintiffs' credit report in connection with a credit transaction in which they did not authorize to be involved in, and for no other permissible purpose. § 501.005 (16), Fla. Stat. (2018).

58.     The foregoing violations were willful. FFC knew that it was not authorized to request Plaintiffs' credit reports and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Class members.

59.     Plaintiffs and the Classes are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to § 501.005 (16), Fla. Stat.

60. Plaintiffs and the Classes are entitled to punitive damages for these violations, pursuant to § 501.005 (16)(c) , Fla. Stat.

61. Plaintiffs and the Classes are further entitled to recover their costs and attorneys' fees, pursuant to § 501.005 (16) , Fla. Stat.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully demand a judgment enjoining FFC's conduct, awarding costs of this proceeding and attorney's fees, as provided by § 501.005 (16), Fla. Stat. (2018), and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Putative Classes, prays for relief as follows:

a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiffs as class representative and designating Plaintiffs' counsel as counsel for the Putative Classes;

c. Issuing proper notice to the Putative Classes at Defendants' expense;

d. Declaring that FFC committed multiple, separate violations of the FCRA and FL FCRA;

e. Declaring that FFC acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA and FL FCRA;

f. Awarding appropriate equitable relief, including, but not limited to, an injunction forbidding FFC from engaging in further unlawful conduct in violation of the FCRA and FL FCRA;

      g.      Awarding statutory damages and punitive damages as provided by the FCRA and FL FCRA;

      h.      Awarding reasonable attorneys' fees and costs;

      i.      Awarding Plaintiffs and the Classes treble damages where appropriate; and

      j.      Granting such other and further relief, in law or equity, as this Court may deem just and appropriate.

### **DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial for all issues for which a trial by jury is permitted by law.

Respectfully submitted,

s/ Lance A. Harke
Lance A. Harke, P.A.
Florida Bar No. 863599
lharke@harkelaw.com
Tammi A. Calarco, Esq.
Florida Bar No. 121788
tcalarco@harkelaw.com
**HARKE LAW LLP**
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229