UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-20987-GAYLES

**MARY ANNE EMERIC and**
**NATALIA MARIE RIVERA,**

        **Plaintiffs,**

   v.

**FLORIDA FINE CARS, INC.,**

        **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Florida Fine Cars, Inc.'s ("FFC") Motion to Dismiss and Compel Arbitration (the "Motion") [ECF No. 6]. The Court has considered the Motion, the record, and the applicable law and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

FFC operates a used vehicle business and sells vehicles to the general public. In April 2017, Plaintiffs were interested in a vehicle they found on FFC's website. Plaintiffs called FFC to confirm that the vehicle was on the lot. During that call an FFC representative instructed Plaintiffs to fill out FFC's financing "pre-approval" form. Plaintiffs completed the form on April 11, 2017, and checked the box allowing FFC to perform a "soft" credit inquiry which would not affect their credit score. Plaintiffs allege, however, that FFC performed a "hard" credit inquiry affecting their credit score without their consent. On April 15, 2017, Plaintiffs entered into a Retail Installment Sale Contract ("RISC") [ECF No. 7-3] and Purchase Order [ECF No. 7-4] with FFC for the purchase and financing of a used vehicle. The RISC contained

the following arbitration provision:

ARBITRATION PROVISION

PLEASE REVIEW–IMPORTANT–AFFECTS YOUR LEGAL RIGHTS

\*     \*     \*

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.

[ECF No. 7-3 at 6]. Similarly, the Purchase Order also contained an arbitration provision stating:

> H. ARBITRATION: Dealer and Customer agree that any controversy, claim, suit, demand, counterclaim, cross claim, or third party complaint, arising out of, or relating to this Order or the parties' relationship (whether statutory or otherwise and irrespective of whether the Financing Approvals were obtained), including, but not limited to any matter that may have induced the Customer to enter into a relationship with Dealer(collectively referred to as Claims), as well as the validity of this provision, shall be submitted to final and binding arbitration in the county and state where Dealer is situated.

[ECF No. 7-4 at 3].

Plaintiffs' purported Class Action Complaint brings claims against FFC under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the Florida Fair Credit Reporting Act, Fla. Stat. § 501.005(16) ("FFCRA"). Defendant filed the instant Motion on April 9, 2019, seeking to compel the parties to arbitration because the RISC and Purchase Order

contained arbitration clauses requiring the parties to arbitrate all claims arising from the relationship between them.[1] Plaintiffs oppose the Motion, claiming that the arbitration clauses at issue do not apply because they were signed after the violating transaction took place.

## II. LEGAL STANDARD

Motions to compel arbitration are treated as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of civil procedure 12(b)(1). *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When "ruling on a motion to compel arbitration, the Court may consider matters outside the four corners of the complaint." *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017) (citing *Mamani v. Sanchez Berzain*, 636 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009). "An agreement to arbitrate is enforceable under Florida law if: 1) a valid, written agreement to arbitrate exists; 2) an arbitrable issue exists; and 3) the parties have not waived their right to arbitration. . . . If [] the arbitration agreement 'clearly and unmistakably requires the arbitrator to decide, in the first instance, the scope of the arbitration provision', then a court should compel arbitration when the parties dispute the construction of an arbitration provision." *Rotelli Pizza & Pasta, Inc. v. AEG Restaurant Group, LLC*, No. 10-cv-80548-WPD, 2010 WL 11603034, at *2 (S.D. Fla. July 19, 2010).

## III. DISCUSSION

When Plaintiffs purchased a used vehicle from FFC, they entered into two agreements which compelled arbitration of "any controversy, claim, [or] suit, . . . arising out of, or relating to this Order or the parties' relationship . . . including . . . any matter that may have induced the [Plaintiffs] to enter into a relationship with [FFC]" [ECF No. 7-4 at 3] and "[a]ny claim or dispute…(including the interpretation and scope of this Arbitration Provision, and the arbitrability

---

[1] Because the Court finds that the arbitration issue is dispositive, it need not address Defendant's remaining arguments regarding standing.

of the claim or dispute)…which arises out of or relates to [Plaintiffs'] credit application [or purchase of the vehicle] . . . ." [ECF No. 7-3 at 6]. Plaintiffs' sole argument is that the transaction on April 11, 2017, does not in any way "relate to" to the purchasing documents which contain the arbitration clauses, and thus the arbitration clauses cannot be applied retroactively to encompass disputes arising from that transaction. [ECF No. 13 at ¶ 1]. The Court disagrees.

Plaintiffs' argument is essentially one relating to scope and arbitrability, issues that the parties clearly and unmistakably agreed to arbitrate. Moreover, the arbitration clauses in the RISC and Purchase Order are enforceable as to the pre-contract conduct alleged by Plaintiffs to violate the FCRA and FFCRA. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1271 n.1 (11th Cir. 2017) (enforcing delegation provision to arbitrate issues arising from an employment decision made prior to entering into the arbitration agreement); *Donado v. MRC Express, Inc.*, No. 17-cv-24032-RNS, 2018 WL 318473, *1 (S.D. Fla. Jan. 4, 2018) ("Where an arbitration agreement is not expressly limited to disputes arising out of that agreement, courts generally hold that it applies retroactively.").

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that FFC's Motion to Dismiss and Compel Arbitration [ECF No. 6] is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** and the parties shall proceed through arbitration.

All pending motions are **DENIED AS MOOT**. This case shall be administratively closed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of May, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE